# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 16, 2013

No. 12-50802
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

DEVIN KENNEDY-PUTHOFF, also known as Devin Shea Kennedy-Puthoff,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:09-CR-516-1

Before REAVLEY, JOLLY, and DAVIS, Circuit Judges.

PER CURIAM:[*]

Devin Kennedy-Puthoff was convicted of making a false statement in connection with obtaining a firearm and was sentenced to 10 months of imprisonment, to be followed by three years of supervised release. His supervised release was revoked, and the district court sentenced him to eight months of imprisonment and two years of supervised release. Kennedy-Puthoff now challenges the substantive reasonableness of his revocation sentence, which was within the advisory range, arguing that it is greater than necessary to meet

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 12-50802

the factors set forth in 18 U.S.C. § 3553(a). He asserts that a sentence at the bottom of the range would have been sufficient and that the sentence overstated his danger to the community and likelihood to reoffend.

Ordinarily, this court reviews revocation sentences under the "plainly unreasonable" standard. *United States v. Miller*, 634 F.3d 841, 843 (5th Cir. 2011). Because Kennedy-Puthoff did not object to the reasonableness of his revocation sentence in the district court, our review is for plain error. *See United States v. Whitelaw*, 580 F.3d 256, 259-60 (5th Cir. 2009). Plain error requires there to be a forfeited error that is clear or obvious and that affects the defendant's substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009). If such a showing is made, we have the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.*

The revocation sentence imposed in the instant case fell within the advisory range, and it is entitled to an appellate presumption of reasonableness. *See United States v. Lopez-Velasquez*, 526 F.3d 804, 809 (5th Cir. 2008). Kennedy-Puthoff's arguments amount to nothing more than a disagreement with the sentence imposed, and he fails to rebut the presumption of reasonableness attached to his sentence. *See id.* Moreover, he fails to show that there is a reasonable probability that but for any alleged error, he would have received a lower sentence. *See United States v. Davis*, 602 F.3d 643, 647 (5th Cir. 2010). Thus, Kennedy-Puthoff has not shown that the revocation sentence imposed constituted reversible plain error. *See Puckett,* 556 U.S. at 135; *Whitelaw*, 580 F.3d at 259-60.

The district court's judgment is AFFIRMED.